Folmar et al., Appellants, *v.* Shaffer et al.

Argued March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ambrose R. Campana,* with him *Campana & Campana,* for appellants.

*Arthur Silverblatt,* for appellees.

OPINION BY SPAETH, J., December 11, 1974:

On September 2, 1966, Aaron Shaffer, Jr., was the driver of an automobile that was involved in a collision in which appellants' decedents were killed. Appellants sued Shaffer, who in turn joined a Richard Alexander. On May 28, 1968, a jury returned a verdict against Shaffer and in favor of appellants in the amount of $23,125.00; Alexander was held not liable. Judgment was entered on this verdict on August 13, 1968.

In the meantime, on July 11, 1968, Shaffer brought a separate suit against appellee, claiming that he was covered by a policy issued by appellee to one William H. Liddic, who is Shaffer's stepfather. Shaffer resided with Liddic at the time of the accident. Appellee moved for a summary judgment on the ground that its policy did not cover Shaffer's accident because the automobile

he was driving was owned by Liddic. On October 27, 1970, the motion was granted.[1]

On July 7, 1972, appellee was served as garnishee in the original lawsuit. Appellee resisted the garnishment, contending that any claim Shaffer had had against it had been extinguished by the order of October 27, 1970, and thus there was nothing to attach. On September 19, 1973, on appellee's motion, President Judge GREEVY ordered that summary judgment be entered in appellee's favor, accompanying his order with a careful opinion. This appeal followed.

Appellants claim that they are entitled to sue as third party beneficiaries of the insurance contract. The law is settled that "in the absence of a statute or a policy provision on which such right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured. Ferguson v. Manufacturers' Casualty Insurance Co. of Philadelphia, 129 Pa. Superior Ct. 276, 195 A. 661 (1937)." *Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp.,* 208 Superior Ct. 461, 463, 222 A. 2d 493, 494 (1966). As indicated in this statement, suit may be maintained if there is an appropriate provision in the policy. *Id.* This does not however help appellants. They have not sued appellee as the insurer; they have only served it as garnishee. The position they have chosen is that of attaching creditors, not third party beneficiaries. Thus regardless of the wording of the policy, the law of garnishment applies.

Appellants claim that even under the law of garnishment they must prevail. This claim is also without merit. "The principle at the base of an attachment execution is that the garnishee owes money to the judg-

---

[1] Since this lawsuit was separate from the action that resulted in this appeal, it has been necessary to garner the facts contained in this paragraph from allegations and admissions made in documents of record here.

ment debtor, or has in his possession money or property, belonging to the latter, which he (the judgment debtor) has a legal right to require the garnishee to pay him, except for the attachment. See Meyer v. Pianti, 109 Pa. Superior Ct. 313 [, 167 A. 374 (1933)]. If the garnishee owes the judgment debtor nothing or has in his possession no money or property belonging to the latter, the attachment falls: Austin-Nichols Co. v. Union Trust Co., 289 Pa. 341, 346, 137 Atl. 461 [(1927)]." *Fisher v. McFarland,* 110 Pa. Superior Ct. 184, 186-187, 167 A. 377, 378 (1933). Stated differently "an attaching creditor necessarily claims through his debtor, and in the absence of fraud, can claim no greater right than was vested in the latter at the time the writ was served on the garnishee [citations omitted]." *LaBarre v. Doney,* 53 Pa. Superior Ct. 435, 438 (1913). *Accord, Collins v. O'Donnell,* 325 Pa. 366, 191 A. 22 (1937); *Mignatti v. General Mortgage Financing Corp.,* 325 Pa. 113, 189 A. 296 (1937). When appellee was served as garnishee it owed Shaffer nothing. It had owed him nothing since October 27, 1970, when summary judgment was entered in its favor against Shaffer. Moreover, any further action by Shaffer being barred under the doctrine of *res judicata,* it would never owe him anything for the accident with which we are concerned. Accordingly, there was nothing in appellee's possession to which Shaffer had a claim, and thus nothing for appellants to attach.[2]

The order is affirmed.

───────

[2] Appellants also argue that their pleading merely has an erroneous caption and is therefore saved by Pa.R.C.P. 1018(f), 12 P.S. This section was added in 1969 to insure easy amendment in cases of errors in captioning or docketing as a result of the changes in the structure of the courts of common pleas made by a 1968 amendment to the Pennsylvania Constitution. Pa. Const. art. 5, §5, as amended April 23, 1968. It was not intended to save pleadings that are substantively inadequate.