# Pile v. Nationwide Mutual Insurance Company

*Nathaniel A. Barbera, Samuel D. Clapper*, and *Barbera and Barbera*, for plaintiffs.

*Carl E. Fisher, Fisher, Long and Rigone*, and *Wilbert H. Beachy, Jr.*, for defendant.

SHAULIS, *J.*, July 24, 1978—The court now has for consideration the preliminary objections of defendant Nationwide Mutual Insurance Company to a complaint filed against it by plaintiffs Norman E. Pile (who has a verdict and judgment against an insured of Nationwide, Randy Blair Rings) and Samuel D. Clapper (who has been appointed trustee in bankruptcy for Randy Blair Rings).

## BACKGROUND

A summary of the events leading up to the present lawsuit and the allegations in the complaint is necessary for our resolution of the preliminary objections.

### 1. Facts

On November 24, 1974, Norman E. Pile filed a trespass action against Larry M. Rings and Randy Blair Rings to recover for personal injuries suffered on March 11, 1973, when he was struck by an automobile owned by Larry M. Rings and operated by Randy Blair Rings. Nationwide undertook defense of the suit under the terms of its insurance coverage on the Rings' vehicle. The case was tried before a jury which returned a verdict on August 15, 1975, in favor of Pile against Randy Blair Rings in the amount of $65,000, which amount was in excess of the $10,000 liability limits of the insurance policy. This court, en banc, denied defense post-trial motions and entered judgment on the verdict; the judgment was affirmed by the appellate courts, the final order of the Supreme Court being entered on April 7, 1977. See Pile v. Rings, 33 Somerset 373 (1976), aff'd per curiam, 244 Pa. Superior Ct. 635, 371 A. 2d 1311 (1977), allocatur refused, 244 Pa. Superior Ct. xl (1977).

On May 3, 1977, Nationwide tendered Pile the sum of $10,000, representing the policy's liability limits, and the sum of $564, representing interest from the date of the verdict to the date of tender. Nationwide requested a release of all further claims by Pile in exchange for this payment. Pile refused to execute the release, but subsequently accepted the $10,564 amount from Nationwide "On account."

Nationwide has continued to refuse plaintiffs' demands to pay the entire judgment entered against Randy Blair Rings, the interest on the entire amount of the judgment, and the record costs of the original suit. The present complaint in trespass and assumpsit, asserting that Nationwide is liable for these amounts, was filed by Pile (hereafter referred to as the injured party) and Clapper (hereafter referred to as the trustee for the insured) on April 7, 1978. Nationwide responded by filing the preliminary objections, which are the subject of this opinion, on May 17, 1978.

## 2. The Complaint and the Objections

The complaint filed by the injured party and the trustee for the insured contains seven counts against defendant insurer.

Count I is in assumpsit by the injured party against Nationwide for failure to pay the record costs of the original suit. Count II is in assumpsit by the injured party against Nationwide for failure to pay the interest due on the entire judgment. Count III is in trespass by the injured party against Nationwide for punitive damages for the alleged bad faith refusal to pay the amounts claimed in Counts I and II. Count IV is in both trespass and assumpsit by the trustee of the insured against Nationwide; Count IV incorporates the allegations of Counts I, II and III with the trustee as plaintiff rather than the injured party as plaintiff.

Counts V and VI state the trustee's alternate causes of action in assumpsit and trespass against Nationwide for the "excess verdict." Count VII states the trustee's punitive damage claim in trespass against Nationwide for its alleged bad faith refusal to settle the original lawsuit. See generally

Gray v. Nationwide Mutual Ins. Co., 422 Pa. 500, 223 A. 2d 8 (1966); Gedeon v. State Farm Mut. Auto. Ins. Co., 410 Pa. 55, 188 A. 2d 320 (1963); Cowden v. Aetna Cas. & Surety Co., 389 Pa. 459, 134 A. 2d 223 (1957); Moody v. Nationwide Ins. Co, ＿＿ Pa. Superior Ct. ＿＿, 390 A. 2d 311 (1978). There is no question that the trustee may maintain these causes of action as successor to the insured: Gray v. Nationwide, supra; and defendant raises no objection to Counts V, VI and VII. We need concern ourselves with Counts V, VI and VII no further in this opinion.

Defendant does present preliminary objections in the nature of a demurrer to Counts I through IV and in the nature of a motion strike to Count IV. We will now turn our attention to a discussion of these objections.

## DISCUSSION

### 1. The Motion to Strike

The motion to strike Count IV (see Pa.R.C.P. 1017(b)(2)), is based upon Count IV's alleged failure to comply with Pa.R.C.P. 1020(d) in that it improperly joins causes of action in assumpsit and trespass in a single count. Our reading of the complaint as a whole convinces us that there is no merit to this objection.

Count IV incorporates by reference the averments of Counts I, II, and III. Count IV clearly states that it is an alternative to the theories of recovery presented by Counts I, II and III, with only a substitution of plaintiffs. The prayer for relief (see Pa.R.C.P. 1021) to Count IV reads: "[I]n the event it should be determined that Norman E. Pile is not entitled to recover on Count I, II or III of this Com-

plaint, Plaintiff Trustee requests judgment against Defendant Nationwide Mutual Insurance Company in the amounts, on the claims and for the reasons more fully set forth in Counts I, II and III of this Complaint."

Counts I, II and III do conform to Pa.R.C.P. 1020. We also believe that Counts I, II and III would survive scrutiny if challenged for specificity under Pa.R.C.P. 1017(b)(3) or Pa.R.C.P. 1019. While it may be technically correct under Pa.R.C.P. 1020 to insist that Count IV be broken down into its three component parts, we think that reference back to the present Counts I, II and III will permit defendant to answer Count IV. In fact, in our subsequent discussion, we will refer to Count IV as Count IV—part I (corresponding to Count I), Count IV—part II (corresponding to Count II), and Count IV—part III (corresponding to Count III), and we suggest the parties do likewise in further pleadings. To hold that plaintiff trustee must replead Count IV as three separate counts, merely repeating the 37 paragraphs of Count I through III and substituting the words "plaintiff trustee" for "Plaintiff Pile" where appropriate, would place the enforcement of technical rules of pleading at an absurd level. We are unwilling to overlook the substance of the pleadings—the causes of action attempted to be stated in Counts IV—parts I through III are clearly intended as alternatives or substitutes for those stated in Counts I through III—in favor of the technicalities of the form of the pleading. We therefore overrule the motion to strike Count IV.

### 2. The Demurrers

The real question presented by the preliminary objections is whether the complaint states a cause

of action either with the injured party as plaintiff as pleaded in Counts I through III or with the trustee as plaintiff as pleaded in Count IV—parts I through III. This is the question raised by the demurrers (see Pa.R.C.P. 1017(b)(4)), to which we now devote our attention.

(1) Defendant presents a demurrer to Count I and Count II—the assumpsit counts by the injured party for costs and interest. This demurrer asserts that these counts fail to state a cause of action for two reasons. First, the injured party may collect his judgment by writ of execution and thus need not bring this lawsuit. And, second, the injured party is a stranger to the insurance contract and may not directly sue the insurer in the absence of an assignment from the insured. For the reasons to be discussed below, we find neither of these reasons persuasive.

Nationwide argues that plaintiff Pile already has a judgment against Rings for the verdict plus costs and interest which can be enforced without further suit by the ordinary means of writ of execution against Rings as defendant and Nationwide as garnishee. See Pa.R.C.P. 3101 et seq. and 9 Goodrich-Amram 2d §3111(b):3.4, at 128. Execution against the insured and garnishment of the insurer is a recognized remedy available to an injured party: Shaw v. Botens, 403 F. 2d 150 (3d Cir. 1968). But we find no authority which suggests the garnishment procedure is the exclusive remedy or even a preferred remedy. In appropriate cases the injured party may be able to directly sue the insurer as the third party beneficiary of the insurance contract. See, e.g., Folmar v. Shaffer, 232 Pa. Superior Ct. 22, 332 A. 2d 821 (1974) and Bolender v. Farm Bureau Mutual Ins. Co., 474 F. 2d 1360 (3d Cir. 1973). Whether or not this is an appropriate case is

the decisive question presented by the present demurrers to Counts I and II.

Defendant relies upon Gray v. Nationwide Mutual Ins. Co., supra, for the proposition that in the absence of an assignment by an insured to the injured party, there can be no direct cause of action by the injured party against the insurance carrier. We think that defendant reads too much into the Supreme Court's decision in Gray. In Gray the court first reviewed prevailing Pennsylvania case law to the effect that when an insurance carrier asserts in a policy the right to handle all claims against the insured, including the right to make a binding settlement, the insurer assumes a fiduciary duty towards the insured and becomes obligated to act in good faith and with due care in representing the interests of the insured; the cases also held that when the insurer is derelict in this duty, or where it negligently investigates the claim or unreasonably refuses an offer of settlement, it may be liable to the insured regardless of the limits of the policy for the entire amount of the judgment: 422 Pa., at 504.

Then, the court went on to "fresh territory," holding that it is not necessary for the insured to first pay the excess verdict before he asserts his claim against the insurance carrier (422 Pa., at 504-506) and that the insured may assign his action against the insurer to the plaintiff who has obtained the judgment against the insured (422 Pa., at 510). The court suggested that such assignments would eliminate one step in the chain of litigation by allowing the injured party to sue the insurer instead of waiting for the insured to do it: 422 Pa., at 511 n.7. We find nothing in the Gray opinion that suggests that the court intended that an insured *must* assign his claim to the injured party.

Pennsylvania cases have long held that in the

absence of a statute or policy provision on which such right may be predicated, a person may not maintain a suit directly against the insurer to recover on a judgment rendered against the insured: Ferguson v. Manufacturers' Casualty Ins. Co., 129 Pa. Superior Ct. 276, 195 Atl. 661 (1937). These same cases recognize an exception when the policy itself expressly gives the injured party a contract right of action directly against the insurer as a third party beneficiary of the insurance contract: Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp., 208 Pa. Superior Ct. 461, 463, 222 A. 2d 493 (1966). See also Bolender v. Farm Bureau, supra; and Folmar v. Shaffer, supra. The present case, in our view, is controlled by such a policy provision allowing the judgment holder to directly sue the insurer.

Looking at the Nationwide policy in effect here, in the "Insuring Agreements" article, section V, subparagraph (2)(b) provides that Nationwide shall "pay all expenses incurred by the Company and all costs taxed against a person entitled to protection in any such suit," and section V, subparagraph (2)(d), provides that Nationwide shall "pay all interest on the entire judgment accruing after entry of judgment until the Company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon." Further, section V provides that "Payments under this insuring agreement, except settlement of claims and suits, are in addition to the applicable policy limits." (See page 4 of the policy, Exhibit C to plaintiffs' complaint.)

In the general "Conditions" article, section 8 provides that: "No action shall lie against the Company, . . . until the amount of the obligation of the

Policyholder or other person or organization entitled to protection shall have been finally determined by judgment after trial. Any person or organization, or the legal representative thereof, having secured such judgment, shall be entitled to recover under this policy to the extent of the insurance offered." (See page 7 of the policy, Exhibit C to plaintiffs' complaint.)

We conclude that the conditions of the policy provisions quoted above have been met in this case. The injured party, plaintiff Pile, has secured a final judgment against the insured. The policy makes Nationwide liable for the costs taxed against the insured and for interest on the entire judgment.

We hold that the terms of the policy itself expressly permit plaintiff Pile, as a third party beneficiary of the contract between Nationwide and the insured, to maintain a direct action against Nationwide for the costs and interest payable under the policy.* The demurrers to Counts I and II are therefore overruled.

(2) Defendant presents a demurrer to Count III

---

*In calculating what interest is due under section V, subparagraph (2)(d) of Nationwide's policy, reference should be made to the recent case of Incollingo v. Ewing, 474 Pa. 527, 379 A. 2d 79 (1977). Our Supreme Court held in Incollingo that Pennsylvania law requires the insurer to pay interest from the date of the verdict, not the date judgment is finally entered: 474 Pa., at 537. The court in Incollingo also held that a provision to "pay all interest accruing after entry of judgment" means *all* interest on the entire judgment, not only interest up to the policy limits or in proportion to the insurer's liability: 474 Pa., at 538-39. We note that the present policy does specifically read "all interest on the entire judgment . . . ;" this provision would seem to make it clear that Nationwide is liable for interest on the entire amount until the date of its tender. See 474 Pa., at 535.

and Count IV—part III—the trespass counts by the injured party and trustee for punitive damages for Nationwide's refusal to pay the costs and interest claimed in Count I and II and Count IV—parts I and II. This demurrer asserts that these counts fail to assert acts of negligence that would support a trespass action and that the actions complained of, if wrongful, are no more than breach of contract for which there can be no punitive damages.

There is also a demurrer to Count III on the basis that the injured party has no direct cause of action against the insurer. As discussed in the preceding portion of this opinion, we find that the policy itself creates the injured party's direct cause of action and we will discuss it no further in regard to Count III.

The thrust of this demurrer is the challenge to the claim for punitive damages. Defendant cites Chissler v. Nationwide, 67 D. & C. 2d 255 (1974), in support of the argument that the punitive damages claim must be dismissed. Our reading of the Chissler case finds that it *does not* hold that punitive damages are not recoverable, but that they could not be recovered within the factual context of that case. Chissler is distinguishable on at least two grounds. First, the punitive damages claimed in Count III and Count IV—part III are not based on the insurer's action in the excess verdict phase of this case as was the punitive damage claim in Chissler. Here, Count III and Count IV—part III are based on the refusal to pay costs and interest, which are payable regardless of the liability for the excess verdict. Count VII, to which there is no objection, does state the punitive damage claim based upon Nationwide's failure to settle the prior suit in which the excess verdict was rendered.

Second, in Chissler a passenger in an automobile was fatally injured when the vehicle in which he was riding was struck by a vehicle driven by Nationwide's insured, Kosenak. Chissler's administratrix brought wrongful death and survival actions against the insured Kosenak; settlement negotiations failed and the jury returned a verdict in excess of Kosenak's $10,000 policy limits. Kosenak assigned his claim against Nationwide for failure to settle, and the administratrix in turn sued Nationwide. The court dismissed the trespass claim for punitive damages, holding that a claim for punitive damages was not assignable and did not survive. The decision was not based on the fact that punitive damages were unrecoverable; in fact, the court noted that the count would have been allowed if the assignor, rather than the assignee, were the plaintiff. We find that Chissler is not controlling here.

We recently had occasion to review some cases evidencing a growing trend to acknowledge the possibility of a trespass action against an insurance carrier for the wrongful refusal to pay based upon a showing of malice or bad faith in Berkebile v. Nationwide Insurance Co., 34 Somerset 322, 330-32 (1977). There, we dismissed a claim for punitive damages because it was brought in assumpsit; we further held there could be no punitive damages, no matter under what label, in a case brought under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S.A. §1009.101 et seq., because of the explicit provisions of that act.

The present claim is framed as a trespass action. There are allegations of "bad faith," "reckless disregard," and similar actions. From the allegations in the complaint, plaintiffs may be able to prove the

necessary malice, wantonness or oppression to justify punitive damages. See Berkebile v. Nationwide Insurance Co., 34 Somerset at 332, n.4; W. W. Coal Co. v. Penna. Nat. Mut. Ins. Co., 30 Somerset 69, 73-74, 75 D. & C. 2d 621, 625-26 (1975).

We cannot sustain a demurrer unless the case is clear and free from doubt: Jim Bulow Motors v. Beeman, 33 Somerset 165, 167 (1976); Hoffman v. Misericordia Hospital, 439 Pa. 501, 504, 267 A. 2d 867 (1970). See also: Gekas v. Shapp, 469 Pa. 1, 5-6, 364 A. 2d 691 (1976). We do have some doubt as to the propriety of dismissing the punitive damages claims. Therefore, the demurrers to Counts III and IV are overruled.

## ORDER

Now, July 24, 1978, the preliminary objections of defendant Nationwide Mutual Insurance Company are overruled; defendant shall have 30 days to file responsive pleadings.