**Fuller v. Davis**

*S. Gerald Litvin,* for plaintiff.
*Daniel J. Ryan,* for defendant.

GREENBERG, *J.,* June 3, 1981—Before us is plaintiffs' motion directed to garnishee, Allstate Insurance Company, to compel deposition answers and production of documents. For the reasons stated herein, we grant said motion.

## BACKGROUND

This is a garnishment action against Allstate Insurance Company seeking recovery of the full amount of the judgment entered against Allstate's insureds, Leon Davis and Thelma Moore, in excess of the limits of their liability insurance policies. The combined limits of the liability coverage was in the amount of $65,000. A trial on the issue of damages only, before the Honorable Ethan Allen Doty and a jury, resulted in the entering of a verdict against Thelma Moore and Leon Davis and in favor of Felis Fuller, in the amount of $1,583,869.

Allstate Insurance Company has tendered the limits of its coverage, to wit, $65,000, and same was accepted pursuant to an agreement whereby plaintiffs specifically reserved the right to institute an "excess liability case" against Allstate. In accordance with this agreement, plaintiffs filed and served a writ of execution upon Allstate Insurance Company, as garnishee, seeking to hold Allstate Insurance Company liable for the entire judgment in excess of the policy limits.

Plaintiffs' excess liability claim is predicated upon Allstate's alleged bad faith refusal to accept an offer made by plaintiffs' counsel to settle the case, long before trial, for the policy limits, and for otherwise violating the fiduciary duty that it owed its insureds in defending the claim. Counsel for Allstate Insurance Company agrees that there are circumstances under which an insurer may be liable for a judgment in an amount in excess of the applicable policy limits. However, garnishee claims that a judgment creditor, such as plaintiffs, cannot assert a claim against an insurer, such as Allstate, in a garnishment action, unless an assignment is made by the insured to plaintiffs of

their alleged right of action against the insurance company.

## DISCUSSION

A study of the pertinent case law reveals that a plaintiff who has recovered a judgment in an action arising out of an automobile accident in an amount in excess of a defendant's insurance coverage may properly pursue a claim against defendant's insurance carrier. The basis for such a possible excess liability claim may be the alleged breach of the carrier's fiduciary duty of good faith representation by failing to offer to settle. Furthermore, garnishment proceedings may be properly instituted whether or not defendant has assigned his claim against the insurance company to plaintiff/ judgment creditor. See Beck v. Roach, 9 D. & C. 3d 594 (1978).

The court, in Shaw v. Botens, 278 F. Supp. 226 (M.D. Pa. 1968), held similarly. Interpreting Gray v. Nationwide Mutual Insurance Company, 422 Pa. 500, 223 A. 2d 8 (1966), as holding that an "insured has a cause of action in assumpsit against an insurer which subjects the former to liability by virtue of a breach of the fiduciary duty of good faith representation," Shaw v. Botens, supra, 278 F. Supp. at 227, the Shaw court was presented with the question of whether "under the doctrine of equitable assignment and by means of garnishment proceedings, plaintiff [judgment creditor] is permitted to pursue the same course without an actual assignment." Shaw, supra, 278 F. Supp. 227. The court resolved the issue, holding that although plaintiff had cited no authorities for her contention, there did exist, either actually or potentially, "a right or debt of defendant capable of being

enforced by plaintiff." Shaw, supra, 278 F. Supp. at 228. Although the insured judgment debtor had taken no step to assert a claim against the insurer based on the breach of its fiduciary duty of good faith representation in rejecting the judgment creditor's settlement offer within policy limits, the claim became definite and liquidated by the refusal of the insurer to settle prior to entry of judgment, and the validity of the alleged claim of the judgment debtor against the garnishee/insurer could be determined by a Pennsylvania garnishment proceeding commenced by the judgment creditor.

Defendant/garnishee, Allstate Insurance Company, cites two cases only in their answer and memorandum in opposition to plaintiffs' motion. The cases however are not helpful to Allstate's position: In Gray v. Nationwide Mutual Insurance Company, supra, the insured voluntarily assigned his claim against his insurer to plaintiff. Plaintiff thereupon proceeded against insured's insurance company in garnishment proceedings. The court in Gray "simply approved this assignment arrangement . . . but did not hold it was mandatory that such an assignment take place before plaintiff could proceed against the insurance company by garnishment." Beck v. Roach, supra, at 595.

Folmar v. Shaffer, 232 Pa. Superior Ct. 22, 332 A. 2d 821 (1974), the second case cited by defendant Allstate, is clearly distinguishable from the case at bar. There, in a separate action by defendant against the appellee/insurance company, the court granted appellee's motion for summary judgment, holding that the insurance policy did not provide any coverage for defendant. Accordingly, plaintiff/judgment creditor could not successfully institute garnishment proceedings against the insurance company as the latter did not, nor could it,

have in its possession monies or property rightfully belonging to defendant.

In the instant case no such bar to recovery by plaintiffs exists. Pursuant to the ruling in the cases cited, garnishee could be liable to their insured, defendants herein, for their bad faith handling of this claim and thus could be indebted to said insured (and thus to plaintiffs) for an amount in excess of the policy limits.

## CONCLUSION

Accordingly, we grant plaintiffs' motion directed to garnishee, Allstate Insurance Company, to compel deposition answers and production of documents.

## ORDER

And now, June 3, 1981, upon consideration of plaintiffs' motion directed to garnishee, Allstate Insurance Company, to compel deposition answers and production of documents, and the answer thereto, and pursuant to the attached memorandum opinion, said motion is hereby granted and it is ordered that garnishee, Allstate Insurance Company, produce the proposed deponent for depositions, to answer proper questions pertaining to plaintiffs' claim against the garnishee, and furnish to plaintiffs' counsel those documents requested in the notice of deposition, all within 30 days of the date of this order.