## Lundy Lumber v. Deem

*Malcolm S. Mussina,* for plaintiff.
*Charles A. Szybist,* for garnishee.

RAUP, *P.J.,* July 27, 1984—Before the court is plaintiff's motion for judgment against garnishee. A

hearing was held on January 3, 1984 whereat the following pertinent facts were established. On December 4, 1981, plaintiff entered judgment against defendants, Dennis L. and Kennetta J. Deem. Defendants were properly notified of the judgment entered. After executing on defendants' household goods and equipment, plaintiff, on September 7, 1983 filed a writ of execution against the garnishee, WAT Federal Credit Union. The execution documents were served upon the garnishee on September 9, 1983. Plaintiff is now seeking judgment against the garnishee, WAT Federal Credit Union pursuant to Pa. R.C.P. 3146 (a)(1).

At issue in this proceeding is whether and to what extent money belonging to defendants was in the possession and control of the garnishee at the time that the notice of garnishment was served on September 9, 1983.

At the time plaintiff filed its writ of execution, defendants had entered into a debt consolidation loan agreement with the credit union. This loan, in the amount of $6,500 was applied for on September 1, 1983 and approved on September 6. The money was to go directly to defendants' creditors with none of it going to defendants themselves.

The first item which plaintiff argues should be a subject of garnishment is a check in the amount of $1,169.88 which was made out to Northern Central Bank, one of defendants' creditors. This check had been drafted along with the other debt payments on September 7, 1983. While the other checks cleared prior to notice to WAT of the garnishment, the check to Northern Central did not clear until September 12, several days after the notice of garnishment.

It is plaintiff's position that, although the check to Northern Central had been executed and delivered

at the time of the garnishment notice, it had not cleared bank channels, and therefore at the time that WAT was notified there would have been a balance in the Deems' account with the credit union in that amount. Plaintiff further maintains that the check presumably could have been the subject of a stop payment order, and that the money would then have been made available to the garnishor, plaintiff. The garnishee, WAT, takes the position that the sum had been assigned through the medium of the check and therefore was unavailable for garnishment.

If, before the attachment is served, the debtor has made a valid assignment of the money due from the garnishee or of the fund or property in its hands, judgment cannot be entered against the garnishee. Guarantee Trust and Safe Deposit Company of Mount Carmel v. Tye, 129 Pa. Super. 481, 196 Atl. 618 (1938). In Guarantee Trust defendant, Mr. Tye, was the owner of stock in a Building and Loan. Being indebted to a bank, Mr. Tye executed an assignment to the bank of his shares of stock. This occurred on January 18, when defendant wrote a letter to the garnishee Building and Loan directing them to deliver the stock to the bank. The actual stock certificate was not delivered until January 23. In the interim on January 20, plaintiff, having a judgment against defendant issued a writ of attachment on the Building and Loan as garnishee. Based upon these facts, the court concluded that the assignment to the bank executed and delivered by defendant on January 18, constituted a valid and legal assignment of his stock. Even though the actual stock certificate was not transferred until after the date of notice, the court reasoned that defendant "had done everything that reasonably could be done by him on January 18 . . . " 129 Pa. Super. at 485.

We believe that the same reasoning can be applied to this action. Defendant did everything that could have been done by him to effectuate the transfer of the funds from the credit union account to the creditor, Northern Central Bank. The executing and delivering of the check to the creditor was a valid assignment of the money, therefore making that amount unavailable for garnishment.

The next issue raised by plaintiff concerns the monthly deduction taken from Mr. Deem's paycheck in the amount of $35 or $50 per month. That sum is applied on a monthly basis to the loan payments which Mr. Deem owes to WAT Federal. It is plaintiff's contention that these amounts should also be subject to garnishment.

"The principle at the base of an attachment execution is that the garnishee owes money to the judgment debtor, or has in his possession money or property belonging to the latter, which he (the judgment debtor) has a legal right to require the garnishee to pay him, except for the attachment. If the garnishee owes the judgment debtor nothing or has in his possession no money or property belonging to the latter, the attachment falls. Stated differently, 'an attaching creditor claims through his debtor, and in the absence of fraud, can claim no greater right than was vested in the latter at the time the writ was served on the garnishee.' (Citations omitted)". Folmar v. Shaffer, 232 Pa. Super. 22, 25, 332 A.2d 821 (1974).

Based on the rationale set forth in Folmar and the cases cited therein, we cannot conclude that the monthly payments deducted from Mr. Deem's check should be subject to garnishment. These sums are amounts owed to, not owed from the garnishee. Even though they are deducted from defendant's paycheck it is money to satisfy a separate

debt and is not money in the possession of the garnishee which defendants (judgment debtors) have a legal right to require the garnishee to pay them.

The remaining issue involved the amount of $35 which was the balance in Mr. Deem's savings account with WAT Federal at the time in question. The garnishee acknowledges this amount and admits judgment should be entered upon that amount plus any interest which has accrued.

## ORDER

And now, this July 27, 1984, judgment is entered in favor of Lundy Lumber Co. and against WAT Federal Credit Union in the amount of $35 plus interest which has accrued since January 3, 1984. In all other respects, plaintiff's motion is denied.