J-A13021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOUNG WILLIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TUNG LE | : | |
| | : | |
| Appellant | : | No. 1844 EDA 2021 |

Appeal from the Order Entered August 19, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 191000174

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 19, 2022**

Appellant, Tung Le, appeals from the August 19, 2021 order denying Appellant's petition to open or strike the default judgment entered against him, and in favor of Doung Willis ("Willis"), in the amount of $86,907.55. We affirm.

The trial court summarized the factual and procedural history as follows:

[Willis] initiated this action on October 7, 2019. In his complaint, [Willis] alleges that he hired [Appellant] to renovate and remodel two separate properties. [Willis] alleges that he paid [Appellant] $155,000[.00] in cash in exchange for services to be rendered by [Appellant. Willis] further alleges that he allowed [Appellant] to use [Willis's] credit card to purchase approved supplies. [Willis] contends that, after a few weeks of work, [Appellant] stopped all work, left the [remodeling projects] incomplete, and failed to return any of the money. [Willis] was forced to pay another contractor to complete the remodeling projects.

On October 9, 2019, [Willis] filed an affidavit of service indicating that [Appellant] had been served at his home address [in] Philadelphia, [Pennsylvania. Appellant] did not file a responsive pleading. On[] November 4, 2019, [Willis] sent [Appellant] a

notice of *praecipe* to enter judgment by default judgment. [The trial court] entered a default judgment against [Appellant] on November 18, 2019. On February 5, 2020, [Willis] filed a *praecipe* to issue *writ* of execution.

[Appellant], through counsel, filed his petition to open the default judgment on June 2, 2021. On August 19, 2021, [the trial court] held a hearing and oral argument on the petition. [Appellant] did not personally appear to testify at the hearing so the [trial court] instead only heard oral argument on the legal issues. At the oral argument, the [trial court] permitted [Appellant's] counsel to amend the petition to include the argument that the default judgment, as an alternative to being opened, should be stricken. After [the trial court] heard oral argument, [it] denied [Appellant's] petition to open [or] strike the default judgment.

Trial Court Opinion, 11/19/21, at 2-3 (extraneous capitalization omitted). This appeal followed.[1]

Appellant raises the following issue for our review: "Did the trial court abuse its discretion in failing to grant Appellant's petition to open [or] strike the default judgement [sic] where Appellant met the standards required to open [or] strike said judgment?" Appellant's Brief at 1.[2]

Appellant's issue raises two distinct challenges to the trial court's order that both denied Appellant's petition to strike the default judgment and denied Appellant's petition to open the default judgment. ***Oswald v. WB Pub. Square***, 80 A.3d 790, 794 n.3 (Pa. Super. 2013) (stating, "[i]t is well-settled that a petition to strike a default judgment and a petition to open a default

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[2] We note that Willis did not file an appellee's brief.

judgment are two distinct remedies, which are generally not interchangeable"

(original quotation marks, brackets, and citation omitted)).

> An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.

***Digital Communications Warehouse, Inc. v Allen Invs., LLC***, 223 A.3d

278, 284 (Pa. Super. 2019) (citations and quotation marks omitted).

> Conversely,

> a petition to open a default judgment is an appeal to the equitable powers of the [trial] court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill[-]will, as shown by the evidence or the record, discretion is abused.

***Id.*** at 285 (citation, brackets, and ellipsis omitted). As such, we address each

of Appellant's challenges separately.

> A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a [trial] court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. Importantly, a petition to strike does not involve the discretion of the trial court.

*Oswald*, 80 A.3d at 793-794 (citations, quotation marks, and original brackets omitted).  In other words, "[t]he standard for 'defects' asks whether the procedures mandated by law for the taking of default judgment have been followed."  *Roy v. Rue*, 273 A.3d 1174, 1182 (Pa. Super. 2022) (citation omitted).

Instantly, Appellant asserts that fatal defects existed because: (1) the complaint was identified as an action-in-divorce, (2) Appellant was not served a copy of the complaint, and (3) the trial court docket does not reflect the date notice of the entry of default judgment was provided to Appellant pursuant to Pa.R.Civ.P. 236.  Appellant's Brief at 8-11.

Concerning Appellant's assertion that an error in the caption of the complaint constituted a fatal defect appearing on the face of the record, Pennsylvania Rule of Civil Procedure 1018 states, in pertinent part, as follows:

> Every pleading shall contain a caption setting forth the name of the court, the number of the action[,] and the name of the pleading.  The caption of a complaint shall set forth the form of the action and the names of all the parties[.]

Pa.R.Civ.P. 1018.  Although Rule 1018 provides, *inter alia* , that the form of an action shall be included in the caption of a complaint, the rule also includes the 1969 Order, which further states, "No action or proceeding may be dismissed by reason of an erroneous caption or docketing, but the [trial] court on motion of any party or on its own motion may correct the caption or direct appropriate docketing."  *Id.* at February 8, 1969 Order – Captioning and

Docketing of Actions and Proceedings in Courts of Common Pleas, ¶f.[3] Paragraph f of the 1969 Order was not intended, however, "to save pleadings that are substantively inadequate." **Folmar**, 332 A.2d at 823 n.2.

Here, the caption of Willis's complaint incorrectly identified the matter as an "action-in-divorce." A review of the contents of the complaint, however, demonstrates that the complaint complies with Rule 1019 by, *inter alia*, identifying the complaint as a "civil action complaint" in its title and concisely and summarily setting forth causes of action for breach of contract and fraud.[4]

---

[3] The 1969 Order was added to Rule 1018 "to [e]nsure easy amendment in cases of errors in captioning or docketing as a result of the changes in the structure of the courts of common pleas made by the 1968 amendment to the Pennsylvania Constitution." **Folmar v. Shaffer**, 332 A.2d 821, 823 n.2 (Pa. Super. 1974).

[4] Pennsylvania Rule of Civil Procedure 1019, governing the contents of pleadings, states as follows:

**Rule 1019. Contents of Pleadings. General and Specific Averments**

(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

(b) Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally.

(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity.

J-A13021-22

The error in the caption of the complaint did not mislead or prejudice Appellant, in part because Willis and Appellant, as parties unmarried to each other, could not have been involved in an action-for-divorce and, moreover, because the complaint, upon its review, identified that it was a civil action and concisely and summarily set forth causes of action for breach of contract and

(d) In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.

(e) In pleading a judgment, order[,] or decision of a domestic or foreign court, judicial or administrative tribunal, or board, commission or officer, it is sufficient to aver the judgment, order[,] or decision without setting forth matter showing jurisdiction to render it.

(f) Averments of time, place[,] and items of special damage shall be specifically stated.

(g) Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds[,] or register of wills of such county.

(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.Civ.P. 1019(a-i).

- 6 -

fraud. Therefore, we concur with the trial court that Appellant's assertion that the complaint caption constituted a fatal defect on the face of the record is without merit.

Next Appellant asserts that he was not served a copy of the complaint. Appellant's Brief at 8-9. Pennsylvania Rule of Civil Procedure 402 states, in pertinent part, that original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house[,] or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.Civ.P. 402(a).[5] Pennsylvania Rule of Civil Procedure 405, governing return of service, states, in pertinent part, as follows:

(a) When service of original process has been made[,] the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the *writ* has not been

_____

[5] Willis initiated his complaint in the Court of Common Pleas of Philadelphia County, which comprises the First Judicial District with the Commonwealth of Pennsylvania. As such, original process may be served by a sheriff of that county or a competent adult. Pa.R.Civ.P. 400.1(a)(1) (stating, "[i]n an action commenced in the First Judicial District, original process may be served [] within the county by the sheriff or a competent adult").

reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

(b) A return of service shall set forth the date, time, place[,] and manner of service, the identity of the person served[,] and any other facts necessary for the court to determine whether proper service has been made.

Pa.R.Civ.P. 405(a) and (b).

Here, the affidavit of service states that the complaint was served on Appellant at his home address in Philadelphia on October 9, 2019, at 11:09 a.m. Affidavit of Service, 10/9/19. The "additional comments" section of the affidavit states, "Successful Attempt: Oct[.] 9, 2019, 11:09 [a.m. Eastern Daylight Time] at Home[] received by [Appellant]. Age: 21; Ethnicity: Asian[-]American; Gender: Male; Weight: 140; Height: 5'7"; Hair: Black; Personal Service[.]" *Id.* The affidavit of service sets forth the date, time, and place of service, states that service was by personal delivery, and names Appellant as the person served, as well as identifies him by age, ethnicity, gender, weight, height, and hair color.[6] Therefore, we concur with the trial court that no defect appears in the face of the record pertaining to service of

_____

[6] To the extent that Appellant contends he is "an Asian male approximately **five [] feet and one-half [] inches** tall and weighs approximately 140 pounds who resides alone during the week at [his residence] and would be at work on [] Tuesday, [October 9, 2019,] at approximately 11:09 a.m.," the trial court was unable to consider this argument in the context of a petition to strike the default judgment because such evidence was outside the certified record. *Roy*, 273 A.3d at 1183 n.7; *see also* Appellant's Brief at 8-9 (emphasis added). Moreover, we note that October 9, 2019, was, in fact, a Wednesday and not a Tuesday.

the complaint on Appellant in accordance with the Pennsylvania Rules of Civil Procedure. *See Roy*, 273 A.3d at 1183.

Finally, Appellant asserts that the trial court docket does not reflect the date on which notice of the entry of default judgment was provided to Appellant pursuant to Pa.R.Civ.P. 236. Appellant's Brief at 9-11.

Rule 236 states as follows:

### Rule 236.  Notice by Prothonotary of Entry of Order or Judgment

(a) The prothonotary shall immediately give written notice of the entry of

(1) a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

(c) Failure to give the notice or when a judgment by confession is entered to mail the required documents, or both, shall not affect the lien of the judgment.

(d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

Pa.R.Civ.P. 236. Pursuant to Rule 236(b),

[t]he prothonotary must specifically note on the docket the date that Rule 236 notice was given to the appropriate parties. This procedural requirement serves to promote clarity, certainty[,] and ease of determination, so that an appellate court will immediately know whether [default judgment] was [entered] in a timely manner, thus eliminating the need for a case-by-case factual determination.

***Carr v. Michuck***, 234 A.3d 797, 805 (Pa. Super. 2020) (citation, original brackets, and quotation marks omitted) (providing, by way of example, that a prothonotary may satisfy the requirements of Rule 236(b) by stating on the docket "'Rule 236 notice provided on' followed by the date the notice was given"); ***see also Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 759-760 (Pa. Super. 2021).

Here, the portion of the trial court docket pertaining to the entry of default judgment against Appellant states as follows:

> *Praecipe* for entry of default judgment filed. Judgment in favor of [Willis] and against [Appellant] for failure to file answer within required time. Pro-prothonotary. **Notice under Rule 236 given.** Notice under [Pa.R.Civ.P.] 237.1 given. Affidavit of non-military service filed. Damages assessed: $86,907.55[.] Entry of appearance filed on behalf of [Willis].

Trial Court Docket, at 11/18/19 Entry (emphasis added). The docket entry was entered by the protonotary's office on November 18, 2019, at 11:27 a.m. and approved on November 19, 2019, at 11:17 a.m. We concur with the trial court that this docket entry satisfies, at a minimum, the requirements of Rule

- 10 -

236(b).[7]  Therefore, Appellant's assertion that he did not receive notice of the default judgment pursuant to Rule 236 is without merit.

For the reasons stated herein, we discern no fatal defects in the face of the record that would compel the trial court to grant Appellant's petition to strike the default judgment.  Consequently, Appellant's challenge to the trial court's order denying his petition to strike the default judgment is without merit.

We now consider Appellant's challenge to the trial court's order that denied his petition to open the default judgment.  Here, Appellant asserts that the trial court abused it discretion when it found that Appellant "did not promptly file his petition to open the default judgment or provide a reasonable excuse or explanation for failing to respond to the complaint."  Appellant's Brief at 11.  Appellant argues that because notice of the default judgment was not properly given pursuant to Rule 236, his petition to open the default judgment was filed promptly.  *Id.* at 12.

---

[7] The docket entry contains the word "pro-prothonotary" followed by a series of actions.  The introductory term "pro-" derives from Latin and means, *inter alia*, "on behalf of."  Thus, the phrase "pro-prothonotary" means "on behalf of the prothonotary."  It may be inferred that the series of actions that follow the word "pro-prothonotary," , which includes "Notice under Rule 236 given," were actions taken on behalf of the prothonotary and noted on the trial court docket.  Although each action does not specifically state the date upon which it was taken, as suggested by this Court in **Carr**, **supra**, it may be further inferred that these actions were completed as of the date of the docket entry.  Therefore, in the case *sub judice*, the docket entry identifies that Rule 236 notice was provided on November 18, 2019.

To reiterate, we review an order denying a petition to open a default judgment for an abuse of discretion. *Digital Communications*, 223 A.3d at 285. Unlike a petition to strike a default judgment in which the trial court is limited to a review of the certified record, "[w]hen considering a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered by the court." *Roy*, 273 A.3d at 1187 (citation and original quotation marks omitted).

Pennsylvania Rule of Civil Procedure 237.3(b)(2) states that if a petition to open a default judgment is filed within ten days after the entry of a default judgment on the docket, then "the [trial] court shall open the judgment if . . . the proposed answer [(attached to the petition to open the default judgment)] states a meritorious defense." Pa.R.Civ.P. 237.3(b)(2). In instances where the petition to open the default judgment is filed beyond the ten-day period set forth in Rule 237.3(b), "a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Roy*, 273 A.3d at 1187 (citation omitted); *see also U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017), *appeal denied*, 170 A.3d 973 (Pa. 2017). "If a petition to open a default judgment fails to fulfill any one prong of this

test, then the petition must be denied." **Watters**, 163 A.3d at 1028.[8] Given the equitable nature of the action, however, the trial court must give consideration to all three prongs of the tripartite test provided "some showing has been made with regard to each part of the test" by the petitioner. **Provident Credit Corp. v. Young**, 446 A.2d 257, 264 (Pa. Super. 1982).

> Without question, in many cases where we have found that one of the three requirements for opening a judgment was not met we have stopped without considering the arguments made with regard to the other two [requirements]. It is difficult, however, to reconcile this approach with the many other cases that emphasize the equitable nature of the decision whether to grant a petition to open [a default judgment], and the importance of balancing the prejudice to the sides. The question is, Can a [trial] court make an "equitable determination" of what is "reasonable under the circumstances" without considering all of the circumstances of the particular case? We think not[.] Where some showing has been made with regard to each part of the test, a [trial] court should not blinder itself and examine each part as though it were a water-tight compartment, to be evaluated in isolation from other aspects of the case. Instead, the [trial] court should consider each part in the light of all of the circumstances and equities of the case. Only in that way can a chancellor act as a court of conscience.

**Duckson v. Wee Wheelers, Inc.**, 620 A.2d 1206, 1209 (Pa. Super. 1993) (original brackets and ellipsis omitted); **see also Miller Block Co. v. U.S.**

---

[8] Before undergoing a review of whether a petitioner is entitled to an order opening a default judgment pursuant to Rule 237.3, or upon satisfaction of the tripartite test, "where the [petitioner] asserts that service was improper, a [trial] court must address this issue before considering other factors." **Digital Communications**, 223 A.3d at 288. Here, the trial court considered Appellant's assertion that he was not provided with service of Willis's complaint and properly rejected this argument, as discussed *supra*.

***Nat'l Bank in Johnstown***, 567 A.2d 695, 700 (Pa. Super. 1989) (holding that, a trial court's refusal to open a default judgment constitutes an abuse of discretion when the trial court fails to consider all prongs of the tripartite test and evaluate the equities involved in each of the three prongs), *appeal denied*, 582 A.2d 324 (Pa. 1990).

> With regard to the first prong, whether the petition to open was timely filed, this Court has held the following:
>
> > The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the [trial] court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.
> >
> > In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. ***See Duckson***[,] 620 A.2d [at 1209] ([holding,] one day [after default is taken] is timely); [***see also***] ***Alba v. Urology*** [***Assocs.***] ***of Kingston***, [] 598 A.2d 57[, 58] ([Pa. Super.] 1991) ([holding,] fourteen days [after judgment was entered] is timely); ***Fink v.*** [***Gen.***] ***Accident Ins. Co.***, [] 594 A.2d 345[, 346] ([Pa. Super.] 1991) ([holding,] five days [after default judgment was entered] is timely).
>
> ***Myers*** [***v. Wells Fargo Bank, N.A.***], 986 A.2d [171,] 176 [(Pa. Super 2006)]. ***See*** [***also***] ***Allegheny Hydro No. 1 v.*** [***Am.***] ***Line Builders, Inc.***, 722 A.2d 189, 193-[1]94 (Pa. Super. 1998) (holding[,] a 41-day delay in filing a petition to open a default judgment [after default judgment has been entered] was untimely; collecting and setting forth cases holding delays in filing a petition to open a default judgment of 21 days and 37 days rendered those petitions untimely).

***Roy***, 273 A.3d at 1189 (ellipsis and original brackets omitted).

- 14 -

Here, the trial court noted that "[t]ypically a petition [to open a default judgment] is considered to be prompt[ly filed] if it is filed within [one] month of the entry of a default judgment" but observed that Appellant "filed his petition [to open the default judgment] approximately 18 months after the entry of default judgment on the docket." Trial Court Opinion, 11/19/21, at 6. In denying Appellant's petition to open the default judgment, the trial court explained,

> [Appellant] filed his petition well outside of a month, without any explanation or presentation of compelling circumstances attempting to justify the late filing. [Appellant,] through counsel, simply argued that he filed the petition promptly after learning of the default judgment. [The trial court] did not accept this argument as a basis to accept the petition as promptly filed. [The trial court] previously concluded that [Willis] properly served [Appellant,] meaning the default judgment has been properly sent to [Appellant.] Thus, because [Appellant] filed his petition [to open the default judgment] approximately 18 months after the entry of the default judgment, [the petition was] properly denied[.]

*Id.* at 7. In a footnote, the trial court further stated,

> [The trial court] also notes that [Appellant] did not provide a reasonable excuse or explanation for the delay. In [the trial court's] view, discussion of this second prong is unnecessary as [Appellant's] petition was not promptly filed. A party must satisfy all three prongs in order for a [trial] court to open a default judgment. In the absence of a promptly filed petition, **it is immaterial whether [Appellant] has a reasonable excuse [and] a meritorious defense.**

*Id.* at 7 n.1 (emphasis added).

As discussed *supra*, Willis filed a complaint against Appellant on October 7, 2019, and Appellant was properly served with the complaint on October 9,

2019. Because Appellant failed to file a responsive pleading, a default judgment in the amount of $86,907.55 was entered against Appellant on November 18, 2019. Appellant was provided with notice of the entry of a default judgment in accordance with Rule 236 on November 18, 2019.[9] On June 2, 2021, more than 18 months after notice of the entry of the default judgment was provided, Appellant filed a petition to open the default judgment. In his petition to open the default judgment, Appellant asserted that, *inter alia*, he was not served with a copy or the complaint or provided notice of the entry of default judgment. Petition to Open Default Judgment, 6/2/21, at ¶¶4, 11; **see also** N.T., 8/19/21, at 3-4. Appellant contended that he learned of the entry of a default judgment against him on May 27, 2021.[10] Petition to Open Default Judgment, 6/2/21, at ¶12. Appellant conceded that the petition to open the default judgment was filed outside of the 10-day period after entry of the default judgment, but that the petition was timely

---

[9] At the hearing on the petition to open the default judgment, counsel for Appellant argued that Appellant did not receive notice of the entry of the default judgment because of delays in the delivery of mail by the United States Postal Service stemming from the effects of the COVID-19 global pandemic. N.T., 8/19/21, at 9-10. We note that service of notice pursuant to Rule 236 occurred in November 2019, prior to the onset of a plethora of issues brought on by the COVID-19 global pandemic in 2020, and continuing, that affected, *inter alia*, the Pennsylvania judicial system and the United States Postal Service.

[10] At the August 19, 2021 hearing on Appellant's petition to open the default judgment, counsel for Appellant asserted that Appellant learned of the default judgment when a title search was conducted as part of a sales transaction involving Appellant's property. N.T., 8/19/21, at 3.

filed "within ten[ ]days of learning about the [d]efault [j]udgment." *Id.* at ¶17. Appellant further asserted that his answer attached to the petition raises a meritorious defense in that Willis's "complaint alleges that [Willis and Appellant] entered into a contract/agreement [in] August 2018[, and the] complaint does not include a [copy of the] written contract/agreement [as an attachment]." *Id.* at ¶14-15.

Appellant filed his petition to open the default judgment more than 18 months after receiving notice of the entry of a default judgment against him pursuant to Rule 236. Appellant offered that his delay in filing the petition to open the default judgment occurred because he did not receive notice of entry of a default judgment pursuant to Rule 236, which the trial court properly rejected, as discussed *supra*. Appellant also argued that he only learned of the entry of default judgment on May 27, 2021. Having found that Appellant received notice of the entry of a default judgment in accordance with Rule 236, the trial court then found that Appellant's petition to open the default judgment was not filed promptly but, rather, untimely filed more than 18 months after the notice of entry of the default judgment was provided. Prior to reaching its conclusion that the petition was not filed promptly, however, the trial court failed to consider the remaining two prongs of the tripartite test to discern whether equity required a finding that the petition was filed

promptly.[11] ***Atlantic Credit and Fin., Inc. v. Giuliana***, 829 A.2d 340, 343 (Pa. Super. 2003) (stating, "[i]n considering petitions to open default judgments, a court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits"), *appeal denied*, 843 A.2d 1236 (Pa. 2004).

The trial court based its conclusion that Appellant's petition was not filed promptly upon a calculation of days between the Rule 236 notice of default judgment and the filing of the petition to open the default judgment. While an 18-month delay supports the trial court's finding that the petition was not filed promptly, the trial court did not first consider the two remaining prongs of the tripartite test to determine whether equity required a different conclusion. ***See Provident Credit***, 446 A.2d at 264; ***see also Direct Capital Corp. v. Claypoole***, 2022 WL 353652, at \*4-\*6 (Pa. Super. 2022) (unpublished memorandum) (analyzing all prongs of the tripartite test in affirming the order denying the petition to open default judgment). Despite this short-coming in analysis, however, our review of the record demonstrates

---

[11] Because the "promptness" prong of the tripartite test is determined on a case-by-case basis and is subject to the equitable discretion of the trial court, the trial court sitting in equity must consider whether the petition satisfied either of the two remaining prongs of the tripartite test to evaluate whether the strength of the meritorious defense or the reasonableness of the excuse or explanation warranted, in good conscious, a finding that the petition to open the default judgment was filed promptly in the interest of equity. ***Duckson***, 620 A.2d at 1209; ***see also Provident Credit***, 446 A.2d at 264.

J-A13021-22

that the trial court did not abuse its discretion or err as a matter of law in

denying Appellant's petition to open the default judgment.[12]

_____

[12] By way of a "reasonable excuse or explanation" as to why he failed to file an answer to the complaint, Appellant asserted that he was not served a copy of the complaint. The trial court rejected this argument, as discussed *supra*, and found that Appellant was served with a copy of the complaint. Moreover, the trial court summarily stated that Appellant "did not provide a reasonable excuse or explanation for the delay." Trial Court Opinion, 11/19/21, at 7 n.1. Therefore, Appellant failed to satisfy the second prong of the tripartite test. *See Myers*, 986 A.2d at 176 (stating that, "whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case" (brackets omitted)).

Appellant argued that the failure to attach a copy of the agreement between the parties to the complaint constituted a meritorious defense, *i.e.*, allegations of fact that, if proven at trial, would entitle Appellant to relief. When a cause of action is based upon an agreement, as was averred by Willis in the complaint, Rule 1019 requires Willis to specifically state whether the agreement was written or oral and, if written, to attach a copy of the agreement to the complaint or state why such copy is not available. Pa.R.Civ.P. 1019(h) and (i). While it may be inferred that the agreement between the parties was in written form based on Appellant's assertion that Willis's failure to attach a copy to the complaint constituted a meritorious defense, Appellant averred in his proposed answer attached to the petition to open the default judgment that the agreement was, in fact, an oral agreement. *See* Petition to Open Default Judgment, 6/2/21, at Exhibit D (Answer to Complaint with New Matter) (stating, Appellant "agreed to work for [Willis] at two properties without a specific estimate [or] price being determined **prior to the oral agreement being entered between the parties**" (emphasis added)); *see also Penn-Delco Sch. Dist. v. Bell Atlantic-PA, Inc.*, 745 A.2d 14, 19 (Pa. Super. 1999) (stating, the petitioner "does not have to prove every element of [his or her] defense, however, [the petitioner] must set forth a defense in precise, specific[,] and clear terms" (original brackets omitted)). If Appellant's allegations of an oral agreement were proven to be true at trial, Willis's only failure to comply with Rule 1019 would be that he failed to identify the agreement as an "oral agreement" in the complaint. Appellant conceded in his proposed answer that an agreement existed between the parties. The failure to identify in the complaint that the agreement was an oral agreement, while not condoned, does not give rise to

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2022

_____

a meritorious defense that, if proven at trial, would entitle Appellant to relief. Moreover, Willis's complaint asserted a cause of action for fraud, to which Appellant offered no defense. Therefore, Appellant failed to satisfy the third prong of the tripartite test.

As such, consideration of the second and third prongs of the tripartite test would not have "tipped the equitable scales of justice" towards a finding that the petition to open the default judgment was filed promptly.