Vaksman *v.* Zurich General Accident & Liability Insurance Co., Ltd., Appellant.

Argued September 30, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Leon S. Forman,* with him *Albert L. Bricklin and Bennett & Bricklin,* for appellant.

*Benjamin Pomerantz,* for appellees.

OPINION BY ROSS, J., January 20, 1953:

Plaintiffs brought this action of assumpsit to recover on a policy of automobile insurance issued to them by defendant. The action was commenced by filing a complaint and, after defendant had made answer thereto, plaintiff filed a pleading styled a "demurrer" which the court below and the parties treated as a motion for judgment on the pleadings. Judgment was entered in favor of plaintiffs on these pleadings and the defendant has appealed to this Court.

The averments of fact in the complaint may be summarized as follows: The defendant issued to plaintiffs a policy of insurance in which one of the coverages was "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident* and arising out of the ownership, maintenance or use of the automobile". (Italics supplied.) On November 7, 1948, while the policy was in force, an employe of the plaintiffs, driving a truck covered by the policy, damaged the property of one Mousley Construction Company, Inc. The construction company brought an action of trespass against plaintiffs herein, and the defendant, though given notice of the proceeding, refused to participate on the ground that the construction company's damages were the result of an *intentional* tort and hence not "caused by an accident". The Mousley Construction's complaint in trespass charged that the insured's driver, operating a truck owned by

it, "negligently and carelessly drove said vehicle" and that "by reason of the negligence of the servant, agent or employee" of the insured the property of the construction company was damaged. On May 15, 1951, a verdict was rendered in favor of Mousley Construction and against these plaintiffs in the amount of $473 and costs. Defendant's answer, inter alia, avers that "facts and proofs submitted to the defendant by the plaintiff with respect to the alleged accident indicated that no accident had occurred and that, therefore, there was no coverage under the terms of the policy of insurance" issued to plaintiffs; and that the damage to the construction company's property "was the result of the deliberate and intentional act of the plaintiff's servant or employee".

Consequently, defendant's answer raises an issue of fact: Was the damage to the construction company's property which was caused by the insured, accidental or intentional? There is a clear distinction between *accidental* and *intentional* injuries or damage. See *Hamilton v. American Indemnity Co.,* 82 Pa. Superior Ct. 191, and *Kraftsow v. Brown,* 172 Pa. Superior Ct. 581, 94 A. 2d 183. This issue, in our opinion, cannot be determined as a matter of law on the pleadings but should be submitted to a trier of facts.

This appeal, therefore, raises the legal question: Does a judgment rendered against the insured on a basis of negligence preclude or prevent the insurer in a subsequent action on the policy for indemnity from asserting as a defense that the injured party's damages were the result of intentional harm and not accidental and hence not within the purview of the policy? The lower court answered this question in the affirmative and entered judgment on the pleadings. We think this was error.

Although the question is not without difficulty and would appear to be one of first impression in this Commonwealth, there is a division of authority among other jurisdictions. However, we believe that the principle which is sound and which we should follow is set forth in *Farm Bureau Mut. Automobile Ins. Co. v. Hammer,* 177 F. 2d 793. In that case, the insurance carrier, having issued a policy of automobile liability insurance to one Wagner, sought a declaratory judgment that the policy did not cover the damages suffered by five persons who were killed or injured when Wagner intentionally drove his truck into an automobile in which they were riding. Wagner had been convicted of murder in the second degree. The defendants (a committee appointed by the State Court for Wagner, the personal representative of the persons who were killed, and two persons who were injured in the collision) contended that they were not bound by the conviction of Wagner in the criminal case, and they showed that after his conviction it was adjudged in civil suits brought by them in the State Court that the injuries were accidental; and they further contended that for the reasons stated the insurance carrier was obligated within the limits of liability specified in the policy to pay the judgments recovered against Wagner. The District judge dismissed the carrier's complaint on the theory that it had notice of the civil suits and so was bound by the findings therein that the injuries and deaths were due to the negligence of Wagner. The judgment was reversed by the U. S. Court of Appeals, Fourth Circuit, and the case was remanded for further proceedings. The Court points out that the purpose underlying the principle that the prior judgment against an insured is binding upon the insurer is to obviate the delay and expense of two trials upon the same issue. The principle assumes that the interests

of the parties to the contract of indemnity in opposing the injured person's claim are identical.. "It is, however," the Court continued, "obvious that the binding effect of a judgment against the insured does not extend to matters outside the scope of the insurance contract, and that the Insurance Company is neither obligated to defend nor bound by the findings of the court if the claim against the insured is not covered by the policy. To hold otherwise would be to estop the Insurance Company by the acts of parties in a transaction in which it has no concern and over which it has no control, and to deprive it of its day in court to show that the transaction is foreign to the contract of insurance." The Court held that when the insurer desires to make the defense that the injuries are not within the coverage of the policy, it may take the risk of refusing to defend the suit against the insured or it may be able to reserve the defense of non-coverage for a subsequent suit under a non-waiver agreement. With respect to the case before it the Court stated at page 801: "It was not possible for the company in these suits to defend the insured, and at the same time to protect its own interests. It could not exculpate itself by showing that the injurious acts of the insured were beyond the scope of the policy, for this showing would establish the liability of the insured to the injured parties to an even greater extent than that claimed in the complaints."

In *Renschler v. Pizano*, 329 Pa. 249, 198 A. 33, at page 254, our Supreme Court stated: "Generally speaking, a judgment recovered against an insured by an injured party is conclusive on the issues there determined in a subsequent proceeding by the injured party or by the insured against the insurance carrier for indemnity, providing the carrier had notice of the suit and an opportunity to defend: [citing cases]. This

is merely a specific application of the rule that a judgment against an indemnitee is conclusive in an action against the indemnitor where the indemnitor had knowledge of the suit and an opportunity to defend . . ." The insurer, defendant here, had notice of the action against its insured and an "opportunity to defend". Opportunity to defend, however, means an opportunity to appear and interpose to the pending action any defense it might have. That damage was intentionally done by the insured certainly would be no defense to the action against it by the Mousley Construction Company.

Section 107, comment g, of the *Restatement, Judgments* reads as follows: "The judgment against the indemnitee does not decide issues as to the existence and extent of the duty to indemnify. Thus, in a subsequent action the indemnitor may show that the circumstances under which he is required to give indemnity do not exist." Mr. Justice (now Chief Justice) HORACE STERN in *Fullmer v. Farm Bureau,* 350 Pa. 451, 39 A. 2d 623, stated at page 452: "It is scarcely more than a legal platitude to say that in a suit on an insurance policy the primary requisite for recovery is proof by the plaintiff that the claim comes within the general coverage of the policy." The controlling factor, it seems to us, in this case is that the first opportunity the insurer had to present its defense of non-coverage was in the action involved in this appeal. We hold, therefore, that the verdict against the insured in the trespass action does not bar the insurer from setting up as a defense in this action that the injuries were not accidental but were intentional and hence not covered by the terms of the policy.

Judgment reversed, with a procedendo.