## Wolverton v. Potomac Insurance Company

*Williams & Glantz,* for plaintiffs.
*Power, Bowen & Valimont,* for defendants.

GARB, J., October 23, 1969.—Plaintiffs sue defendant insurance companies allegedly for breach by defendants of a certain manufacturer's and contractor's schedule liability policy issued by them in favor of plaintiffs. Defendants have filed preliminary objection in the nature of a demurrer which will be disposed of herein.[*]

The gravamen of the complaint is to the effect that plaintiffs operated a certain repair shop and that pursuant thereto defendants had issued the insurance

---

[*] This case is factually related to Barsky, Inc. v. Wolverton, 18 Bucks 187 (1968).

policy in question by the terms of which plaintiffs were insured against liability arising as the result, inter alia, of property damage occurring on their premises. It is further alleged in the complaint that by the terms of the policy defendants were obligated to defend plaintiffs against any claims made which were covered by the policy and, further, to pay all premiums on bonds to release attachments, appeal bonds and costs of suit. It is alleged that as the result of certain damage to an automobile belonging to Barsky while on plaintiffs' premises, suit was brought against plaintiffs which they were required to defend and an award made against them. They now sue the insurance companies for the companies' alleged breach of the insurance contract in failing and refusing to defend them and in paying the award made, together with costs.

By virtue of their demurrer, defendants make two contentions, both of which must be dismissed summarily. Defendants contend first that the loss suffered by Barsky, and, therefore, the liability imposed upon plaintiffs herein, was such as to fall within an exclusion in the insurance policy. The exclusion provision relied upon by defendants provided, in relevant part, as follows:

"This policy does not apply: . . . (1) under coverages B and D, to injury to or destruction of . . . property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, . . ."

Assuming all facts which are well and clearly pleaded as true for purposes of this demurrer, as we must (Erie v. Gulf Oil Corporation, 395 Pa. 383 (1959) ), we note that in paragraph 6 of the complaint it is alleged that the vehicle in question was damaged by fire while "at the premises covered by the aforementioned policy," and while plaintiffs were perform-

ing work upon it. Nowhere in the complaint is it alleged that the motor vehicle was in the care, custody or control of plaintiffs or that they were exercising physical control over it. The allegation that the loss was sustained while the property was at their premises and they were working on it does not necessarily indicate that they were exercising care, custody or control over it at that time.

Secondly, where suit is brought by an insured on a policy of insurance, if the insurance company purports to defend on the basis of an exclusion in the policy, it must plead and prove the necessary facts to give rise to the exclusion, for the defense of exclusion under a policy is an affirmative one: Fullmer v. Farm Bureau Mutual Automobile Insurance Company, 350 Pa. 451 (1944), and Warner v. Employers Liability Assurance, 7 Cumb. 96 (1954).

Defendants allege, secondly, that the complaint is somehow fatally defective because it fails to allege that plaintiffs are appealing a default judgment. Simply stated, plaintiffs plead the issuance and existence of the insurance policy, that a claim was made upon them for loss covered by the said policy, that demand was made by them upon the insurers for a defense, which demand was refused, as the result of which plaintiffs were required to engage counsel to defend themselves and to pay costs of suit. This appears to us to be a sufficient allegation of breach of the policy of insurance by defendants and any reference to any default judgment or the fact that plaintiffs engaged their own counsel in the other law suit are matters dehors this record and, as such, no better than a speaking demurrer: Roberts v. Anthony, 9 Bucks 176 (1959). As such, this contention must likewise fail.

## ORDER

And now, to wit, October 23, 1969, defendants' preliminary objection in the nature of a demurrer is hereby denied, dismissed, and overruled. Leave is granted

to defendants to file an answer within 20 days of the date hereof.