## York Apparel Company, Inc. v. Employers Commercial Union Insurance Company

*Daniel W. Shoemaker*, for plaintiffs.
*Stuart M. Neely*, for defendant.

BLAKEY, J., April 18, 1972.—This matter is before the court on defendant's preliminary objections to the complaint in the nature of a demurrer and a motion for a more specific pleading.

On January 7, 1972, plaintiffs instituted suit under a fire insurance policy with defendant company to recover for a loss occasioned by fire which occurred November 2, 1971. The policy attached to the complaint contains the standard provisions that the insured are required to give immediate written notice of any loss, must file a proof of loss with the company within 60 days after the loss, that the amount of loss for which the company is liable shall be payable 60 days after proof of loss has been received, and that no suit or action on the policy may be filed unless all requirements of the policy have been complied with. Plaintiffs in their complaint allege that they provided

defendant with written notice of the loss on November 4, 1971, and subsequently furnished defendant with written and formal proofs of loss. While the complaint does not specify the date that such proofs of loss were delivered to defendant, it is clear from the exhibits attached to the complaint and from statements made to the court at argument, that such proofs were not filed nor received 60 days prior to the institution of suit.

Defendant contends as a basis for its demurrer that suit instituted within 60 days of the date upon which proofs of loss were furnished is premature and must be dismissed. This is clearly the law of the Commonwealth: German American Insurance Company v. Hocking, 115 Pa. 398 (1886); Commercial Union Assurance Company of London v. Hocking, 115 Pa. 407 (1886); Howard Insurance Co. of N.Y. v. Hocking, 115 Pa. 415 (1886). While plaintiffs do not dispute this legal proposition, they contend that since more than 60 days have now elapsed, this issue is moot and that they should not be put to the task and formality of re-instituting suit by a second complaint. The difficulty with this argument is that a period far in excess of 60 days had also passed by the time of the decisions first cited and the remedy employed by our Supreme Court was to dismiss the actions. In fact, the court dismissed these actions even though more than one year had elapsed which at least in one case precluded the insured from filing a second suit in the face of the one-year limitation contained in the contract: Hocking v. Howard Insurance Company, 130 Pa. 170 (1889). The reasoning and authority of Hocking has recently been approved and reinforced by our Supreme Court in Fratto v. New Amsterdam Casualty Co., 434 Pa. 136 (1969). In the face of this authority, we are obliged to dismiss this complaint.

Since it is obvious that a second suit will be filed, we feel it advisable to comment on certain other objections raised by defendant in an effort to eliminate further procedural argument and delay.

While the alleged violation of a policy condition such as giving notice and filing proofs of loss are normally matters of defense, (Fullmer v. Farm Bureau Mutual Automobile Insurance Company, 350 Pa. 451 (1944)), since plaintiffs have alleged that they furnished proofs of loss, it would be appropriate for them to more specifically plead the date upon which this was accomplished. We do not believe that plaintiffs are required, as contended by defendant, to attach a copy of their notice of loss or of said proofs of loss to the complaint. Not only are these alleged failures matters of defense as stated above, but, in addition, plaintiffs' claim is not based upon such writings and consequently they need not be attached per Rule of Civil Procedure 1019(h). Defendant's demurrer to plaintiffs' claim for accounting and legal expenses is sustained as there is no basis in the policy attached to the complaint to support a cause of action for such damage. Defendant's demurrer contending a failure to state a cause of action for damages arising from a manufacturing business since the policy insures a "vacant dress manufacturing" building is overruled and dismissed since the policy on its face also provides coverage for "contents" and "business interruption." At a minimum, this creates sufficient doubt as to the extent of coverage to bring into operation the firmly established principle that summary judgment should be refused if any doubt exists as to its propriety: Borden v. Baldwin, 444 Pa. 577 (1971). Finally, the court agrees with the position defendant advanced at argument that plaintiffs should clarify the basis for their damage claim. A number of the exhibits which

purport to justify such claim specifically recite that the damages computed therein are based upon replacement costs or the selling costs and these exhibits do not support a claim under the policy for loss as specifically defined therein.

Accordingly, we enter the following

## ORDER

And now, to wit, April 18, 1972, defendant's preliminary objection in the nature of a demurrer to the effect that this action is premature is sustained and this action is dismissed, without prejudice to the right of plaintiffs to institute another action in accordance with the applicable limitations and this opinion.

An exception is granted to both parties.