## Sinning v. Dickinson College

*Joseph M. Melillo,* for plaintiff.
*George F. Douglas Jr.,* for State Farm Fire and Casualty Co.

BAYLEY, *J.*, July 10, 1987—The underlying issue raised by the preliminary objections in the above two captioned cases is the same; accordingly, we have consolidated only the opinion for the purposes of disposing of the objections in both cases.

The action in *Sinning,* at 515 Civil 1985, arises out of an incident that occurred on March 2, 1984, when plaintiff was allegedly injured as a result of the firing of a pellet gun by defendant Steven R. Spraglin. On February 2, 1987, State Farm Fire and Casualty Company filed a pleading for a declaratory judgment without previously filing a petition seeking to intervene or obtaining court approval for intervention. State Farm avers that the homeowners insurance policy it issued to the parents of Steven R. Spraglin, with whom he resided, does not provide insurance coverage for his alleged intentional act of firing a pellet gun at plaintiff Sinning. State Farm seeks a declaratory judgment as to whether or not they owe a defense to defendant Spraglin. Defendants Dickinson College, Samuel A. Banks, and Ernest E. Talbot have filed preliminary objections to strike the pleading upon a claim that it violates Pa. R.C.P. 2327.[1]

The action in *Quigley,* at 265 Civil 1987, involves an automobile accident occurring on July 26, 1986, in which it is alleged that the minor plaintiff, Lisa Quigley, while a passenger in a vehicle driven by defendant Bryan K. Wilson, was injured when Wilson lost control of the vehicle. On February 13, 1987, defendants Bryan Keith Wilson, Charles A. Wilson and Marcia L. Wilson filed a pleading for a declaratory judgment against Aetna Casualty and Surety Company. The Wilsons seek a declaration of

---

1. Defendants' additional preliminary objection in the form of a demurrer is redundant and need not be analyzed.

insurance coverage under a policy issued by Aetna to Charles and Marcia upon averments that the policy coverage would apply to the plaintiffs' action in this case. On March 19, 1987, Aetna filed preliminary objections to strike the pleading upon a claim that it violates Pa. R.C.P. 2252(a).[2]

Both cases have been briefed and argued and are ready for decision.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1017(b)(2) sets forth that a preliminary objection may be filed to strike off a pleading because of lack of conformity to law or rule of court. In *Sinning,* State Farm maintains, and in *Quigley,* the Wilsons maintain, that the rules for declaratory relief at Pa. R.C.P. 1601-1603, effective February 1, 1980, pursuant to the Uniform Declaratory Judgments Act, 42 Pa.C.S. §§7531 to 7541, allow for a streamlined procedure that permits a party to enter an existing case by filing for a declaratory judgment at the existing term and number of that case. Pennsylvania Rule of Civil Procedure 1601(a) sets forth that:

"A plaintiff seeking only declaratory relief shall commence an action by filing a complaint captioned 'Action for Declaratory Judgment.' "

The 1979 explanatory note states that: "This subdivision regulates the procedure in cases where declaratory relief alone is sought and adopts the equity practice."

Pennsylvania Rule of Civil procedure 1602 sets forth that:

"In any action at law or in equity, a *party* may include in the claim for relief a prayer for declaratory

---

2. Aetna's additional preliminary objections in the form of a demurrer and a petition raising non-joinder of a necessary party are redundant and need not be analyzed.

relief and the practice and procedure shall follow, as nearly as may be, the rules governing this action." (emphasis supplied)

The 1979 explanatory note states that: "This leaves only the procedure to be followed if declaratory relief is demanded along with other relief in any action at law or in equity."

We conclude that rule 1602 allows a *party,* or an intervenor, to include in any claim for relief a separate prayer for a declaratory judgment *against any other party* in, or who is subject to joinder in, the underlying cause of action. The rule does not allow for the joinder of an insurance carrier as a defendant when that carrier could not otherwise be made a party to the case, nor does it allow for an insurance carrier to intervene in a case when that insurer would not otherwise be authorized to intervene.

Pennsylvania Rule of Civil Procedure 2252(a), with respect to the joinder of an additional defendant, provides:

"(a)  In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

It has long been the rule in Pennsylvania that an injured party has no right of direct action against the insurer of an alleged tortfeasor unless the applicable insurance policy or statute creates such a right. See *Folmar v. Shaffer,* 232 Pa. Super. 22, 332

A.2d 821 (1974). Pennsylvania Rule of Civil Procedure 2252(a) does not authorize the joinder as an additional defendant of an express insurer or indemnitor. See *Fitzgerald v. Rottner,* 56 D. & C. 2d 750 (1972); *Brawley v. Southeastern Pennsylvania Transportation Authority,* 7 D.&C. 3d 545 (1978).

In *Quigley,* the insurer Aetna is not implicated in a direct manner in the incidents which allegedly caused the minor plaintiff's injuries. Accordingly, since Aetna could not be joined as a party additional defendant pursuant to rule 2252(a), it is not subject to being joined under rule 1602 merely because the Wilsons seek a declaratory judgment as to its contractual duties under an insurance contract. The Wilsons must seek any relief against Aetna on their insurance contract in a separate proceeding. If they had a legal basis for seeking a declaratory judgment against either the plaintiffs or any other defendant in the case, or against a party that was subject to joinder as an additional defendant, that is the type of situation under which the 1980 amendment to the rule regarding declaratory relief, and specifically, rule 1602, would authorize the filing for such relief without commencing a separate action under rule 1601(a).

In *Sinning,* State Farm is not a party; nevertheless, without filing a petition to intervene, it filed a pleading for a declaratory judgment to determine its obligations under a contract of insurance with defendant Steven R. Spraglin. Pennsylvania Rule of Civil Procedure 2328(a) provides:

"Application for leave to intervene shall be made by petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the grounds on which intervention is sought and a statement of the relief or the de-

fense which the petitioner desires to demand or assert . . ."

Pennsylvania Rule of Civil Procedure 2327 provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if:

"(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

"(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

"(3) such person could have joined as an original party in the action or could have been joined therein; or

"(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

Like *Quigley,* if State Farm had been a named party in this action it could have filed a petition for declaratory relief pursuant to rule 1602 against any other party or any party subject to joinder as an additional defendant. However, since State Farm is not a party to the action, it must commence a separate action to obtain declaratory relief against Spraglin pursuant to the subject insurance contract unless it has been allowed to intervene. Rule 2330 provides that an intervenor shall have the rights and liabilities of a party only "after the entry of an order allowing intervention." Accordingly, since no order has been entered allowing State Farm to intervene

it is clear that its pleading for a declaratory judgment must be stricken.[3]

Under the Declaratory Judgment Act a party interested in a contract whose rights are affected by it, may have determined any question of construction or validity arising under the contract and obtain a declaration of right thereunder. 42 Pa.C.S. §7533. Pursuant to Pa. R.C.P. 1601(a) both State Farm and the Wilsons may initiate separate actions for a declaratory judgment to determine their contractual rights pursuant to the subject insurance contracts. See *Forklifts Inc. v. Clark Equipment Comapny,* 36 Cumberland L.J. 520 (1986). Accordingly, the following orders are entered:

## ORDER OF COURT

And now, July 10, 1987, it is ordered that:

(1) At 515 Civil 1985, the pleading of State Farm Fire & Casualty Company for a declaratory judgment is stricken.

(2) At 265 Civil 1987, the pleading of Bryan Keith Wilson, Charles A. Wilson and Marcia L. Wilson for a declaratory judgment is stricken.

---

3. We note in passing that in reviewing the four categories for intervention under rule 2327, that any judgment against defendant Spraglin does not automatically impose liability on State Farm. See *Vaksman v. Zurich General Accident & Liability Insurance Co.,* 172 Pa. Super. 588, 94 A.2d 186 (1953). The underlying action does not involve the distribution or other disposition of property in the custody of the court nor could State Farm, as an insurer of a defendant, be joined as a party or as an additional defendant in the action. See *Folmar v. Shaffer, supra.* The issue of coverage will not be decided in the underlying action because that is an issue only between Spraglin and State Farm and is a mattter to be decided independently. See *Vaksman, supra.*