### CONSOLIDATED RAIL CORPORATION

v.

### HARTFORD ACCIDENT AND INDEMNITY COMPANY.

Civ. A. No. 85–2127.

United States District Court, E.D. Pennsylvania.

Dec. 18, 1987.

---

John F. Ledwith, Labrum & Doak, Philadelphia, Pa., for plaintiff.

Thomas L. Delevie, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

Plaintiff Consolidated Rail Corporation moved for summary judgment on the issue of liability. The record consists of the complaint, the answer and a fact stipulation.[1] An order was entered on June 16, 1987 denying plaintiff's motion because of the persistence of fact issues. Fed.R.Civ.P. 56(c).

Conrail filed this declaratory judgment action to recover the amount it expended defending the Federal Employers' Liability Act action of its employee John H. Lubbe, including payment of $165,600, representing its share of the jury's verdict in his favor.[2] In November, 1982 Lubbe sued

---

1. Jurisdiction: 28 U.S.C. § 1332. Plaintiff is a corporate citizen of Pennsylvania, and defendant is a corporate citizen of Connecticut. The amount in controversy exceeds $10,000.

2. It also claims attorney's fees expended to pros-

Conrail in the United States District Court for the Northern District of New York for personal injuries sustained on June 12, 1981 at a work site in Norwich, New York. A year later, Conrail joined Wehrli Excavation Company, its contractor at the Norwich site, as a third-party defendant. Thereafter, Hartford sent Conrail's counsel a copy of a declaration of a Railroad Protective Liability Policy issued by Hartford listing Conrail as named insured and Wehrli as contractor for the Norwich work site. Hartford provided Wehrli's defense in the Lubbe action.[3]

Conrail's Philadelphia counsel tendered Conrail's defense of the Lubbe action to Hartford by letter dated February 24, 1984. By letter dated April 20, 1984 Hartford declined, stating "[s]ince the employee, John Lubbe, does not fit the definition of 'designated employee,' as defined [in the policy], we are unable to take over the defense of Conrail."[4] Lubbe was not a designated employee. In response, Conrail's counsel wrote that policy coverage was not limited to "designated employees" and pointed out that it included bodily injury "sustained by any person arising out of acts or omissions at the designated job site which are related to or are in connection with the work described." His letter states that Hartford wrongly denied coverage by focusing on "designated employee" and ig-

noring the preceding provision as to "any person." *See supra* note 4. Hartford responded "our position remains unchanged" and again refused to defend Conrail.

At trial, Wehrli admitted damaging a Conrail crossing gate at Norwich so as to dislodge a signal light. Lubbe testified he was injured when struck by the dangling light.[5] The jury's verdict was $200,000, with a negligence allocation of 90 percent against Conrail and 10 percent against Wehrli.[6] Conrail again tendered its defense to Hartford, reiterated its demand for indemnification and invited Hartford to take over its appeal. Hartford reasserted its earlier position. In November, 1984, the Second Circuit affirmed, and Conrail paid the judgment.

The issues presented in this action are, first, whether Hartford can now raise a basis or theory of disclaimer different from its original denial of coverage. Second: Is Hartford collaterally estopped from obtaining another trial of the issues decided in Lubbe?

In its motion for summary judgment, Conrail asserts that Hartford's insurance policy plainly provided coverage for Lubbe's claim. Hartford, it argues, is estopped to assert a new ground for disclaimer and collaterally estopped by the Lubbe action. It objects to Hartford's discovery

---

ecute this declaratory judgment action.

**3.** Nothing in the record evidences Hartford's obligation to defend Wehrli.

**4.** The policy obligated Hartford—

[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, hereinafter called "bodily injury" either (1) sustained by any person arising out of acts or omissions at the designated job site which are related to or are in connection with the work described in Item 3 of the declarations [Item 3 listed the North Norwich, New York site where Lubbe was working] or (2) sustained at the designated job site by the contractor or any employee of the contractor or by any designated employee of the insured whether or not arising out of such acts or omissions.

A "designated employee of the insured" is defined as:

(1) any supervisory employee of the insured at the job site;

(2) any employee of the insured while operating, attached to or engaged on work trains or other railroad equipment at the job site which are assigned exclusively to the contractor;

(3) any employee of the insured not within (1) or (2) who is specifically loaned or assigned to the work of the contractor for prevention of accidents or protection of property, the cost of whose services is borne specifically by the contractor or by governmental authority.

**5.** Hartford avers, in its counterstatement of facts, that Lubbe was told by his Conrail supervisor and foreman to repair the damages that Wehrli caused to the gate.

**6.** The net amount of Conrail's liability, after a reduction to present worth that reflected Wehrli's 10 percent, is $165,600.

attempts to gain information to relitigate Conrail's liability and Lubbe's damages.

▮ While conceding that its prior focus on "designated employee" was mistaken, Hartford contends that it did not thereby waive the coverage issue. This position appears to be well taken. It is correct that waiver cannot operate to expand coverage under an insurance policy. Also, estoppel does not apply because Conrail cannot show that it reasonably relied to its detriment on Hartford's original denial of liability. *See Pfeiffer v. Grocer's Mut. Ins. Co.*, 251 Pa.Super. 1, 6–7, 379 A.2d 118, 121 (1977).

Hartford also asserts that it is not collaterally estopped by the Lubbe action because a potential conflict of interest, between itself and Conrail, prohibited its taking on the latter's defense, particularly after it came to defend Wehrli. Hartford's pecuniary interest, it maintains, would have been best served if the jury found Conrail 100 percent responsible for Lubbe's injuries. Under this view of the policy, if Conrail were adjudged totally at fault, Hartford owed no coverage. Hartford considers itself to have been Conrail's insurer only for bodily injury claims that resulted from Wehrli's negligent conduct. For these reasons, it contends, it could not in good faith have defended Conrail and the result in Lubbe should not be dispositive of the issues here.

▮ In this diversity action, the issue of collateral estoppel is resolved under Pennsylvania law. 28 U.S.C. § 1738. *Public Service Mut. Ins. Co. v. Cohen*, 616 F.2d 704, 707 (3d Cir.1980) (approving in diversity action brought in this district application of Pennsylvania law to determine collateral estoppel consequences of prior Maryland state proceeding). *See Ranger Ins. Co. v. General Accident Fire & Life Assurance Corp.*, 800 F.2d 329, 330 (3d Cir.1986). Under Pennsylvania law, a prior adjudication will estop a party from relitigating an issue if four requirements are met:

1. The issue decided in the prior adjudication must be identical with the one presented in the later action,

2. There must have been a final judgment on the merits,
3. The party against whom the estoppel is asserted must have been a party or in privity with a party to the prior adjudication, and
4. The party against whom it is asserted must have had a full and fair opportunity to litigate the issue in the prior action.

*Ranger Ins. Co.*, 800 F.2d at 330–31 (citing *Safeguard Mut. Ins. Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975)).

▮ Hartford contends that conditions three and four—privity with Conrail and full and fair opportunity to litigate the issue in Lubbe—are lacking because of the conflict of interest purportedly existing between it and Conrail.

Hartford's arguments as to conflict of interest are unpersuasive. It did participate in the Lubbe action—on Wehrli's behalf. It was not prevented from fully litigating the Conrail coverage issue it now asks to litigate—that Wehrli's conduct was not in any way responsible for Lubbe's injuries. That issue was litigated by Hartford and was lost. Furthermore, even if the jury had completely relieved Wehrli of liability, Hartford was still obligated to insure Conrail. Conrail's alleged negligence was "related to or connected with" the work at the Norwich job site. *See Southern Ry. Co. v. Fidelity & Casualty Co.*, 455 F.Supp. 9, 12 (D.S.C.1977), *aff'd*, 580 F.2d 1049 (4th Cir.1978) (Railroad Protective Liability Policy provides coverage for injuries arising out of acts or omissions of either the insured or the designated contractor). Given this construction of the policy, the defense of Conrail presented no possibility of a conflict with Hartford's pecuniary interest. Moreover, the words "arising out of," when used in insurance contracts, refer to a concept broader than substantial factor causation. *State Auto. Ins. Ass'n v. Kuhfahl*, 364 Pa.Super. 230, 527 A.2d 1039, 1042–43 (1987) ("but for" causation is enough to satisfy the "arising out of" provision of an insurance policy). The finding that Wehrli was causally negligent, however small the proportion, neces-

sarily includes a finding that the accident comes within the purview of the acts or omissions coverage as to Wehrli's work at Norwich. So viewed, no conflict could have occurred in defending Conrail.

Under the doctrine of collateral estoppel, an insurer that had a full and fair opportunity to litigate an underlying action is foreclosed from relitigating issues already considered and decided. *See, e.g., Aetna Life and Casualty Co. v. McCabe*, 556 F.Supp. 1342, 1348–49 (E.D.Pa.1983); *Dally v. Pennsylvania Threshmen & Farmers Mut. Casualty Ins. Co.*, 374 Pa. 476, 478–79, 97 A.2d 795, 796 (1953). Hartford relies on cases holding an insurer not to be in privity with its insured if unable to raise a defense precluding coverage because of its obligation to defend. These are an exception to the rule that an insurer is in privity with its insured. *See Ranger Ins. Co.*, 800 F.2d at 331. The rationale is that the insurer could not adequately assert its own best legal position in the original action. *Ranger Ins. Co.*, 800 F.2d 329, 331–32; *Vaksman v. Zurich General Accident & Liab. Ins. Co.*, 172 Pa.Super. 588, 593, 94 A.2d 186, 189 (1953). Here, Hartford was able to urge that Wehrli was not responsible for Lubbe's injuries, and in defending Wehrli, that is exactly what it did. Hartford had no impetus at all to refrain from asserting Wehrli's lack of liability, a defense wholly consistent with the mutual interests of Wehrli and Hartford. *See McCabe*, 556 F.Supp. at 1349–51. The conflicts referred to in *Ranger* and *Vaksman* are not implicated in this case where the conflict is solely between insureds.

It is not unusual for an insurance carrier to insure opposing interests in a particular case. Here, Hartford could have provided a defense for both Wehrli and Conrail and protected its insurance company interests at the same time. Relitigation of the underlying claim in these circumstances would result in unnecessary and unreasonable expense, particularly inasmuch as Hartford already had its day in court on these issues. *See Vaksman*, 172 Pa.Super. at 591, 94 A.2d at 188.

■ Ordinarily, insurance policy conflicts of interest, whether between insurer and insured or between insureds, will not relieve the insurer of its duty to provide a defense. Such conflicts should be recognized and dealt with promptly. One appropriate resolution is for the insurer to obtain separate, independent counsel for each of its insureds, or to pay the costs incurred by an insured in hiring counsel. *American Motorists Ins. Co. v. Trane Co.*, 544 F.Supp. 669, 686 (W.D.Wis.1982), *aff'd*, 718 F.2d 842 (7th Cir.1983) (a conflict of interest between the insured and insurer does not excuse the insurer of its duty to defend). Another is to defend pursuant to a reservation of rights agreement. *McDowell–Wellman Eng'g Co. v. Hartford Accident & Indem. Co.*, 711 F.2d 521, 527 (3d Cir.1983).[7] A declaratory judgment action may be filed immediately. In the present instance, Hartford took no steps to resolve the problem, believing no coverage to be due. It had a duty to provide competent counsel to represent Conrail's interests, *American Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*, 752 F.2d 71, 75 (3d Cir.1985) (the duty to defend arises when the allegations against the insured state a claim to which the policy potentially applies); and to pay any established loss that comes within the policy. Although not precluded from asserting a new ground for disclaimer, it should not be granted the opportunity to visit a costly relitigation upon a party that consistently claimed to be an insured unless it can show compelling justification. Hartford has not given any excuse or explanation for its erroneous disclaimer and has not demonstrated that its present position on coverage is meritorious.

■ Nevertheless, in this case, triable fact issues remain. At oral argument, Hartford disputed a number of material facts concerning the circumstances of the accident, the validity, scope, and enforceability of the Railroad Protective Liability Policy, and the date Hartford first became aware of Conrail's position that there was

7. Other options include alternative dispute reso-      lution or settlement.

applicable coverage for the Lubbe lawsuit. Hartford's policy basis for defending Wehrli is unclear. The record, therefore, appears to lack the certainty required for entry of summary judgment. Because these fact questions remain, Conrail's motion for summary judgment cannot be granted.[8]

---

**8.** At oral argument, it was unclear what Hartford had agreed to for the purpose of these motions. Although given the opportunity, Conrail did not supplement the fact record to make up for these deficits. By inadvertence, the order denying plaintiff's motion for summary judgment failed to deny defendant's cross-motion.